UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARLAINE SUSAN deLANCEY,
        Plaintiff,

        v.         CIVIL ACTION NO. 11-10062-GAO

ISLAND ELDERLY HOUSING, INC., ET AL.,
        Defendants.

## FURTHER MEMORANDUM AND ORDER

O'TOOLE, D.J.

On February 22, 2011, a Memorandum and Order (Docket No. 4) issued directing Plaintiff deLancey ("deLancey") to show good cause within 35 days why her claims against Defendants Laureen Van de Workeen, Fortunata Metell, Deborah Medders, Kathleen Rose, and Martha's Vineyard Center for Dispute Resolution, d/b/a Marthas Vineyard Mediation should not be dismissed for the reasons stated therein.

On March 28, 2011, deLancey filed various Exhibits (Docket No. 6, exhibits 1-20) but did not respond directly to the show cause Order. Rather, she filed a pleading stating: "Exhibits and Information to Support Federal Jurisdiction[.] I will demonstrate to the Federal Court how the following individuals why they should be considered in the Federal Lawsuit against Island Elderly Housing." Exh. 6-3. DeLancey then lists Defendants Vandeworkeen, Medders, Metel, rose and Martha's Vineyard Mediation, along with a purported new Defendant, Aidylberg Elderly Housing, described as a federally funded complex for low income elderly individuals in Oak Bluffs, Massachusetts. While not entirely clear from the pleading, it appears that Aidylberg Elderly Housing is part if Island Elderly Housing's ("IEH") four campuses providing Section 8 housing. IEH is the management agent. DeLancey then recounts the chronology of her experiences as they relate to her claims of religious discrimination, and reiterates the claims set

forth in her Complaint, including extraneous matters not germane to the legal issues outlined in this Court's Memorandum and Order.

DISCUSSION

I.  The Show Cause Response is Insufficient

Although deLancey alleges that her neighbors (Defendants Metell and Vanderworkeen) are subject to the same rules and regulations, and that all alleged wrongdoings occurred on federal property, this is insufficient to invoke governmental action to raise constitutional concerns, nor does she set forth any underlying facts to support that her neighbors had apparent authority to act on behalf of IEH or any of its employees such that an agency relationship reasonably could be inferred. Additionally, as noted in the earlier Memorandum and Order, the claims against all the non-IEH employees (including those against Martha's Vineyard Mediation and its employees) are grounded in state law and present no basis for the subject matter jurisdiction of this Court.

Without belaboring the matter, the Court finds that DeLancey's Exhibits (Docket No. 6) are insufficient to demonstrate good cause why her claims should not be dismissed with respect to Defendants Laureen Van de Workeen, Fortunata Metell, Deborah Medders, Kathleen Rose, and Martha's Vineyard Center for Dispute Resolution, d/b/a Marthas Vineyard Mediation. At this juncture, the Court deems it to be an exercise in futility to afford deLancey further opportunities to assert claims against these Defendants in connection with her housing disputes.

Accordingly, for the reasons previously set forth in the Memorandum and Order (Docket No. 4), and for the failure of deLancey to demonstrate good cause as directed, her claims against Defendants Laureen Van de Workeen, Fortunata Metell, Deborah Medders, Kathleen Rose, and

Martha's Vineyard Center for Dispute Resolution, d/b/a Marthas Vineyard Mediation are
<u>DISMISSED</u> and the Clerk shall terminate those Defendants as parties to this action.

Summonses have already issued with respect to Island Elderly Housing, Inc., Ann Wallace, and Dorothy A. Young, and deLancey is responsible for effecting proper service on those Defendants, in accordance with the directives contained in the prior Memorandum and Order (Docket No. 4).

II.     <u>Aidylberg Elderly Housing is Not a Party to This Action</u>

As noted above, in her Exhibit (Docket No. 6-3), deLancey references a new party to this action, Aidlyberg Elderly Housing. She fails to set forth in a coherent fashion, the basis for her claims against this entity. Accordingly, the Court will not convert her submission as an Amended Complaint, and will not consider Aidylberg Elderly Housing as a party to this action. Should deLancey seek to assert a claim against this business, she must file an Amended Complaint that sets forth her claims in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure and request the issuance of a summons as to any added party. Further, any Amended Complaint must comport with the provisions of Rule 15 of the Federal Rules of Civil Procedure with respect to amended and supplemental pleadings.

III.    <u>Prohibition From Filing Further Amendments or Supplements</u>

In order to ensure the proper case management and efficient use of judicial resources, deLancey is <u>PROHIBITED</u> from filing any further supplements to her Complaint without leave of Court, except that, as noted above, she may file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) if appropriate. Additionally, should deLancey seek attention of this court and request any relief of any kind, she must file her request in the form of a "motion" rather than a

letter. Any "motion" must set forth the caption of this case, and contain a brief statement of the relief sought, along with a statement showing good cause to grant such relief. Failure to comply with this directive could result in the imposition of sanctions, including dismissal of this action.

CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's claims against Defendants Laureen Van de Workeen, Fortunata Metell, Deborah Medders, Kathleen Rose, and Martha's Vineyard Center for Dispute Resolution, d/b/a Martha's Vineyard Mediation are DISMISSED and the Clerk shall terminate those Defendants as parties to this action;[1]

2. Aidylberg Elderly Housing is not a party to this action. Should Plaintiff seek to assert a claim against it, she must file an Amended Complaint that sets forth her claims in accordance with Rules 8, 10, and 15 of the Federal Rules of Civil Procedure; and

3. Plaintiff is PROHIBITED from filing any further supplements to her Complaint without leave of Court, except as provided by Fed. R. Civ. P. 15(a). Additionally, Plaintiff may not file any "letters" with the Court. Should she seek relief of any kind, she must file a "motion" setting forth the caption of this case, and containing a brief statement of the relief sought along with a statement showing good cause to grant such relief.

SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: March 31, 2011

---

[1] The dismissal is not intended to constitute a separate and final judgment.